AO (Rev. 3/01) Judgment in a Criminal Case for Organizational Defendants
Sheet 1

# UNITED STATES DISTRICT COURT

District of __MASSACHUSETTS__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| V. | (For Organizational Defendants) |
| ALL STATES ASPHALT, INC | CASE NUMBER:    3:05-30021-MAP |
| | RICHARD EGBERT |
| | Defendant Organization's Attorney |

**THE DEFENDANT ORGANIZATION:**

x   pleaded guilty to count(s)   1 ON  4/15/05

☐   pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐   was found guilty on count(s) _____
    after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the organizational defendant is guilty of the following offense(s):

| **Title & Section** | **Nature of Offense** | **Date Concluded** | **Count Number(s)** |
|---|---|---|---|
| 18:1001 & 2 | False statement and Aiding and Betting | 10/31/00 | 1 |

The defendant organization is sentenced as provided in pages 2 through _____ of this judgment.

☐   The defendant organization has been found not guilty on count(s) _____

☐   Count(s) _____   ☐ is   ☐ are   dismissed on the motion of the United States.

IT IS ORDERED that the defendant organization shall notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization shall notify the court and United States attorney of any material change in the organization's economic circumstances.

Defendant Organization's
Federal Employer I.D.  _____

Defendant Organization's Principal Business Address:

All State Asphalt, Inc.

325 Amherst Road

Sunderland, MA

Defendant Organization's Mailing Address:

All State Asphalt, Inc.

P. O. Box 91

Sunderland, MA   01375

4/15/05
Date of Imposition of Judgment

*/s/ Michael A. Ponsor*
Signature of Judicial Officer

MICHAEL A. PONSOR, U.S. DISTRICT JUDGE
Name and Title of Judicial Officer

April 22, 2005
Date

Judgment—Page _____ of _____

DEFENDANT ORGANIZATION:
CASE NUMBER:

# PROBATION

The defendant organization is hereby sentenced to probation for a term of __2 Years__.

The defendant organization shall not commit another federal, state or local crime.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant organization pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant organization shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant organization shall also comply with the additional conditions on the attached page (if indicated below).

Corporation shall fully comply with the Compliance Agreement as attached to the Plea Agreement as Exhibit A and Copy attached to this Judgment

## STANDARD CONDITIONS OF SUPERVISION

1) within thirty days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organizations's representative and to be the primary contact with the probation officer;

2) the defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

3) the defendant organization shall notify the probation officer ten days prior to any change in principal business or mailing address;

4) the defendant organization shall permit a probation officer to visit the organization at any of its operating business sites;

5) the defendant organization shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization;

6) the defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees;

7) the defendant organization shall not waste, nor without permission of the probation officer, sell, assign, or transfer its assets.

AO 245E (Rev. 3/01) Judgment in a Criminal Case for Organizational Defendants
Sheet 3 — Criminal Monetary Penalties

Judgment — Page _____ of _____

DEFENDANT ORGANIZATION:
CASE NUMBER:

# CRIMINAL MONETARY PENALTIES

The defendant organization shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | **Assessment** | **Fine**    | **Restitution** |
|--------|----------------|-------------|-----------------|
| TOTALS | $              | $ 168,000   | $               |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant organization shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant organization makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
|   |   |   |   |

TOTALS   $ _____   $ _____

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant organization shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant organization does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine and/or   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245E    Rev. 3/01) Judgment in a Criminal Case for Organizational Defendants
           Sheet 4 — Schedule of Payments

Judgment — Page _____ of _____

DEFENDANT ORGANIZATION:
CASE NUMBER:

## SCHEDULE OF PAYMENTS

Having assessed the organization's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E X Special instructions regarding the payment of criminal monetary penalties:

   Fine to be paid within 10 days

All criminal monetary penalties are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant organization shall pay the cost of prosecution.

☐ The defendant organization shall pay the following court cost(s):

☐ The defendant organization shall forfeit the defendant organization's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

EXHIBIT A

COMPLIANCE AGREEMENT

As a Special Condition of Probation in the above matter, the defendant, All States Asphalt, Inc. ("All States"), agrees to comply with the provisions set forth herein while operating as an interstate motor carrier.

(1) Safety Director

All States shall, within 30 days of the effective date of this Compliance Agreement, designate an employee as its Safety Director. This person shall become competent in all applicable parts of the Federal Motor Carrier Safety Regulations (FMCSRs) and state motor vehicle laws. The Safety Director shall report directly to the Chief Operating Officer of All States. The Safety Director shall be responsible for:

(a) the training of all drivers in all areas of FMCSRs, including the definitions of the following terms contained in 49 C.F.R. § 395; off-duty - § 395.8(h)(1), driving - § 395.8(h)(3), and on-duty not driving - § 395.8(h)(4). The Safety Director will ensure that all hours worked while loading or unloading are recorded properly and accurately according to 49 C.F.R. § 395.8(h)(4).

(b) verifying the accuracy of all logs and supporting documents submitted by each driver on a weekly basis.

(c) conducting and documenting quarterly safety meetings with all drivers. Documentation of safety meetings (which will include the name and signature of attendee and date and location of the meeting) will be maintained on file for a period of one year.

(2) <u>Outside Auditor</u>

All States will engage an outside auditor to conduct quarterly comprehensive compliance reviews of all activities related to the FMCSRs and prepare a written report of the results of each review, indicating each deficiency or violation found. The Safety Director will respond in writing to any deficiencies or violations noted by the auditor, with the response to include a plan for corrective action. Copies of the auditor's reports and the Safety Director's response will be sent to the Department of Transportation, Office of Inspector General, 55 Broadway, Room 1055, Cambridge, Massachusetts, 02142. The written reports will be maintained on file at All States for the period of probation.

Effective following the execution of this agreement, All States' outside auditor will conduct an analysis and prepare a report described below of each route driven by All States drivers in any given day. The routes will include single, double, and triple runs (those with deliveries to the same

2

customer), as well as runs which combine multiple delivery locations. An analysis and report will be required for the the first trip of each route driven by All States drivers following the execution of this Agreement. The analysis and report will indicate all legs of the route and the load and unload locations (i.e. Petro Canada, East Montreal, Quebec and/or Barrett's Norwood, NY or Hanson, Ogdensburg, NY) and will determine the driving time and on-duty not driving time required to complete the trip. The report will include an analysis of the CADEC logbook, Activity Report, Unassigned Activity Report for the vehicle, DOT Violation Report, Speeding Violations Report, Personal Travel Report and Vehicle Summary Report for Unassigned Miles regarding the particular vehicle utilized in the drive. A report of each analysis, along with all supporting CADEC documents, will be forwarded to the Department of Transportation, Office of Inspector General ("DOT-OIG"), 55 Broadway, Room 1055, Cambridge, Massachusetts, 02142, within fourteen days of the completion of the trip to which the report pertains. No driver will be dispatched to any route or combination of routes which, based on the analysis, would require in excess of 11 hours of driving time.

3

(3) <u>Policies and Systems</u>

Within 30 days of the effective date of this agreement, All States shall:

(a) establish a policy of prohibiting, by discipline or other means, instances of violations of the FMCSRs by drivers. In particular, the policy shall include disciplinary action against drivers for instances of falsification of records. The policy shall be prominently displayed at the primary place of business as well as all terminals operated by All States. Additionally, all drivers shall be personally furnished with and be required to sign a copy of the policy. Any disciplinary action taken against a driver pursuant to the policy and program shall be documented in the driver's qualification file and retained for a period of at least one year;

(b) establish and implement a system to ensure compliance with the Hours of Service Regulations, as set forth in 49 C.F.R. § 395, for all drivers including drivers of company-owned or leased vehicles as well as owner operators. Such system shall include a dispatch program that monitors drivers' hours on a daily basis, including requiring drivers to call in to the main dispatcher at least once in a 24-hour period. The dispatcher will advise the driver concerning the total number of on-duty and driving hours available to the driver, including the number of

hours available for the next eight-day period. All States will not dispatch drivers unless they retain adequate and available on-duty and driving time, pursuant to 49 C.F.R. § 395, to complete the trip. Specifically, All States shall not require or knowingly permit a driver to operate a motor vehicle in violation of the Hours of Service Regulations set forth in 49 C.F.R. § 395.

(4) Accident Reports

All States shall obtain police records for all accidents/crash involving vehicles under its control and damage estimates from all parties involved in the accident/crash. All States shall keep records indicating if any vehicle was towed and the entity that performed the towing. All States shall provide all required information to determine if the occurrence meets the definition of an accident/crash as described by 49 C.F.R. § 390.15 and maintain an accident register, with all reports in a carrier file.

(5) Regulatory Reviews

All States will request and submit to a comprehensive Compliance Review (CR) by the Federal Motor Carrier Administration (FMCSA) to take place within six months from the execution of this agreement. It is understood and agreed that a "compliance review" conducted by the FMCSA may include review of records documenting activities which occurred prior to the date

of this Agreement. It is further understood and agreed that compliance reviews may be conducted at any time within the Term of this Agreement without regard to any other FMCSA policies regarding the determination of when and whether to subject motor carriers to such reviews. It is further understood and agreed that this provision shall not limit the right of the FMCSA to conduct compliance reviews following the termination of this Agreement in accordance with its usual practices and policies. All States agrees it will achieve, and maintain, a Satisfactory or better safety rating on the initial and any subsequent reviews and will maintain such a rating through any/all subsequent CR's during the two years following the execution of this agreement.

(6) <u>All States Documents</u>

All States maintains that the documents it provides to DOT-OIG under the terms of this Agreement are confidential business records. During the period of this agreement, DOT-OIG agrees to give All States notice of any Freedom of Information Act request for All States documents provided to it under the terms of this agreement. In addition, DOT-OIG agrees to return to All States the documents All States provides to it under the terms of this agreement following

completion of its review provided that the review does not result in the necessity of further action.

_____
Richard Miller
Chief Operating Officer
All States Asphalt, Inc.